J-A33016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYWAN JONES | |
| Appellant | No. 437 WDA 2016 |

Appeal from the Judgment of Sentence Dated March 9, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000999-2015

BEFORE:  LAZARUS, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED APRIL 11, 2017**

Appellant, Tywan Jones, appeals from the judgment of sentence imposed after a jury convicted him of aggravated assault, recklessly endangering another person, and possession of an instrument of crime.[1]  We affirm.

On March 7, 2015, at the Knotty Pine Tavern in Erie, Appellant and the Victim, Yagoub Arounda, "became involved in a verbal altercation, which escalated into a physical fight."  Trial Ct. Op., 5/17/16, at 1.  "As the victim began punching, Appellant began stabbing him multiple times."  **Id.**  Three days later, Appellant was arrested and charged.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1), 2705, and 907(b), respectively.

On January 13, 2016, Appellant proceeded to a jury trial. Prior to trial, venirepersons were required to complete the written juror information questionnaire, as required by Pa.R.Crim.P. 632.[2] Pursuant to Pa.R.Crim.P. 632(H), the following questions were included:

> 8.　Would you be more likely to believe the testimony of a police officer or any other law enforcement officer because of his or her job?

> 9.　Would you be less likely to believe the testimony of a police officer or other law enforcement officer because of his or her job?

Multiple venirepersons initially answered that they would be more likely to believe the testimony of a police officer.[3] The record is silent as to what transpired next, but subsequently the trial court explained this aspect of the questionnaire to the venire, as follows:

> There is a question that you've all answered on your questionnaire, whatever your answer may be – let me say this, the question is about a police officer's testimony, and it says: Would you believe a police officer just because he is a police officer?

---

[2] Since no party requested that the jury questionnaires be preserved, they were destroyed as part of normal court procedure, pursuant to Pa.R.Crim.P. 632(F).

[3] The record is unclear as to the exact number of venirepersons who answered this question affirmatively. In his statement of matters complained of on appeal, Appellant claimed that "[a]t least ten members of the prospective jury answered 'yes.'" Pa.R.A.P. 1925(b) Statement at 2. The Commonwealth does not dispute that assertion. Appellant does not claim that any members of the venire who responded affirmatively to Question 8 were seated on his jury.

Under the law, all witnesses are equal when they take this witness stand, in terms of the fact that they are entitled to the same consideration as to their credibility. That means that just because someone is given a badge, a gun and a uniform, when they come into court doesn't mean that they're to be judged any differently in terms of credibility. That is, by any different standard. And those are things that I'll instruct the jurors at the end of the trial to consider.

So under the law, a witness is not to be believed just because he is a police office[r], he is a doctor, he is a lawyer, he is an auto mechanic, it doesn't make any difference. Those witnesses may be truthful, they may not be truthful. They may be mistaken, they may not be mistaken. There are considerations that you are to apply to all of those witnesses when you determine credibility, and with the police officer, you can also consider his education, training, experience, et cetera, as you would with any other witnesses. But no one is to be, under the law, believed just because they hold a certain position.

Is there anyone here who would not be able to follow that tenant[4] of our criminal justice system?

N.T. Trial, 1/13/16, at 8-10.[5] None of the venirepersons then answered affirmatively. Trial Ct. Op., 5/17/16, at 4; **see also** N.T., 1/13/16, at 10. Appellant did not object to this clarification at any point during *voir dire*.

Shortly thereafter, Appellant asked to examine individually those venirepersons who originally answered on their questionnaires that they are "more likely to believe the testimony of a police officer," which counsel erroneously referred to as question "number nine." N.T., 1/13/16, at 13-14,

---

[4] We assume this is a mistranscription of "tenet."

[5] The record does not indicate whether the trial court's explanation was unprompted or was the result of a review of the completed questionnaires.

18. The trial court denied this request. Appellant renewed his request at a later time, and the trial court again denied it.

On January 15, 2016, after a three-day trial, Appellant was convicted. On March 9, 2016, the trial court imposed an aggregate sentence of 6.5 – 15 years' incarceration. On March 23, 2016, Appellant filed a timely notice of appeal.

Appellant raises a single question for our review:

> Whether the [t]rial [c]ourt committed reversible error when it denied [Appellant's] request to individually examine prospective [jurors] that indicated bias by answering "yes" to question number nine (9) of the Jury Questionnaire.

Appellant's Brief at 1-2.[6]

"The process of selecting a jury is committed to the sound discretion of the trial judge and will be reversed only where the record indicates an abuse of discretion, and the appellant carries the burden of showing that the jury was not impartial." *Commonwealth v. Noel*, 104 A.3d 1156, 1169 (Pa.

---

[6] In response, the Commonwealth's appellate brief merely states: "The court did not deny the [A]ppellant right and accurate representation during voir dire, nor abuse its discretion in the voir dire process. The jury did not disregard its duty to follow the law as instructed." Commonwealth's Brief at 2. Otherwise, the Commonwealth "incorporate[d] the reasoning of the trial court in its Opinion, dated May 17, 2016[.]" *Id.* The trial court's reasoning, in its entirety, is: "Judge Connelly explained to the jury panel the relevant law and meaning of question nine. After his explanation, none of the jurors responded affirmatively to the question, thereby inferring that the empaneled jury was free from bias in favor of a police officer's testimony and thus, no further questioning was necessary. According[ly], Appellant's third claim is meritless." Tr. Ct. Op., 5/17/16, at 4.

2014) (plurality) (citing **Commonwealth v. Chmiel**, 889 A.2d 501, 519 (Pa. 2005)). "The purpose of *voir dire* is to ensure the empaneling of a fair and impartial jury capable of following the instructions on the law as provided by the trial court." **Id.** at 1168. Where an appellant "has not demonstrated that the process deprived him of a fair and impartial jury, neither do we conclude that Appellant suffered actual prejudice." **Id.** at 1172.

> The question relevant to a determination of qualification is whether any biases or prejudices can be put aside upon the proper instruction of the court.
>
> A challenge for cause to service by a prospective juror should be sustained and that juror excused where that juror demonstrates through his conduct and answers a likelihood of prejudice.

**Commonwealth v. Penn**, 132 A.3d 498, 502 (Pa. Super. 2016) (citation omitted); **see also Commonwealth v. Briggs**, 12 A.3d 291, 333 (Pa.), **cert. denied**, 565 U.S. 889 (2011); **Commonwealth v. Cox**, 983 A.2d 666, 682 (Pa. 2009).

Here, the trial court explained to the jury panel the relevant law and meaning of the question, "Would you be more likely to believe the testimony of a police officer or any other law enforcement officer because of his or her job?" The trial court's explanation was clear and accurate, and it appropriately told the venirepersons that they should not make credibility determinations solely on the basis of a witness' status as a police officer. Appellant did not object to the trial court's elucidation during *voir dire* and

does not now contend that the trial court erred in giving the explanation.[7] After receiving the explanation, none of the venirepersons said that he or she did not understand it or was unable to follow it. *See* N.T., 1/13/16, at 8-10. That fact made any individual interrogation of the members of the venire unnecessary.

Additionally, Appellant does not contend that any of the venireperons who originally gave affirmative answers to Question 8 were ultimately selected for his jury. In the absence of such evidence, Appellant cannot demonstrate a likelihood of prejudice. And because Appellant cannot demonstrate that the *voir dire* process deprived him of a fair and impartial jury, we cannot conclude that he suffered actual prejudice. *See Noel*, 104 A.3d at 1172; *see also Briggs*, 12 A.3d at 333; *Cox*, 983 A.2d at 682; *Penn*, 132 A.3d at 502.

---

[7] In his Rule 1925(b) Statement, Appellant claimed that the trial court's explanation was inaccurate because there is a "substantial and material difference" between what was asked in Question 8 — "would you more likely to believe the testimony of a police officer or any other law enforcement officer because of his or her job ?" — and the trial court's explanation that the question asked, "Would you believe a police officer just because he is a police officer?" Appellant has not included that issue in this appeal, and therefore has waived it, but his brief nevertheless repeats the contention that the trial court's explanation was inaccurate. *See* Appellant's Brief at 3. We see no material inaccuracy in the trial court's explanation. The court made clear that Question 8 was intended to ensure that jurors did not base credibility determinations on whether a witness was a police officer. Because Appellant did not object to the trial court's explanation when it was made, Appellant may not raise this objection now.

Thus, the trial court did not abuse its discretion in denying Appellant's request to individually question members of the venire, and Appellant has failed to show that his jury was not fair and impartial. ***See Noel***, 104 A.3d at 1168.

Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/2017